# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **ANGEL A. SILVA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case. No.: 3:06-CV-4784-RDP** |
| | } | |
| **MICHAEL J. ASTRUE,** | } | |
| **Commissioner of Social Security,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Plaintiff, Angel A. Silva, brings this action pursuant to Section 205(g) of the Social Security Act ("the Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Title XVI.   *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  For the reasons outlined below, the court finds that the decision of the Commissioner is due to be reversed and remanded.

## I.    Proceedings Below

Plaintiff filed his application for DIB and SSI benefits on August 21, 2002, alleging that he became unable to work on August 28, 2001 due to a fractured scapula that did not heal and a problem with reading and writing skills.  (R. 20; Doc. # 8, at 2).  Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), which was held on December 31, 2004.  (R. 32, 278-302).

At the December 31, 2004 hearing, Plaintiff, his wife, and Vocational Expert Thomas Elliott (the "VE") all provided testimony for the ALJ to consider.  (R. 278-302).  Although the ALJ began

his examination of the VE, he abruptly ended his testimony by stating that he wanted to review additional medical records "before I go any further with [the VE]."  (R. 301).

Post-hearing, on January 25, 2005, Plaintiff was examined at the request of the state agency by Dr. Sparks, an orthopedist. (R. 233-38).[1]  Dr. Sparks' assessment ("Exhibit 8F") was proffered to Plaintiff for comment (R. 133-35, 232-38), and was also sent to the same VE who testified at the hearing with instructions to "assume it is entirely credible, review it, and reply indicating whether it changes your testimony at the hearing . . . . If it is indicated that there is a change in the jobs claimant could be expected to do, then name those jobs and indicate availability." (R. 135-36, 137). In response, the VE opined on March 25, 2005 that although Plaintiff is not capable of performing his past relevant work, he is capable of performing work at the light exertional level including inspector-packer, assembler, and sub-assembler.  (R. 135).

In his September 19, 2005 decision, the ALJ determined that Plaintiff was not eligible for DIB or SSI benefits because he failed to meet the disability requirements of the Act and retained the residual functional capacity to perform a significant range of work at the light exertional level.  (R. 16-32).  At the time of the ALJ's decision, Plaintiff was thirty years old with a high school education (special education) and past relevant work experience as a merchandiser for a bottling company, a construction laborer, grocery store clerk, and a layer of underground cable cutter.  (R. 20, 29, 111, 300).

Plaintiff requested review of the ALJ decision by the Appeals Council and submitted additional evidence for review.  (R. 11).  After the Appeals Council denied Plaintiff's request for

---

[1] Other post-hearing evidence was provided to the ALJ as well. (R. 199-51).

review on October 27, 2006 (R. 7), that decision became the final decision of the Commissioner and therefore a proper subject of this court's appellate review.

## II.    ALJ Decision

Determination of disability under the Social Security Act requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq.*  First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  The claimant's residual functional capacity consists of what the claimant can do despite his impairment.  Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work.  In making a final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix.  If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will provide no further review of the claim.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that [s]he can no longer perform h[er] former employment."  *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted).  Once a claimant shows that he can no longer perform his past employment,

3

"the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

In this case, the ALJ determined that Plaintiff has impairments including a history of left scapula lymphoma which required chemotherapy and radiation, a history of fracture of the left scapula requiring open reduction and internal fixation, reading disorder (non-severe), disorder of written expression (non-severe), mathematics disorder (non-severe), and depression/anxiety (non-severe). (R. 24, 30). However, the ALJ determined that Plaintiff's impairments, considered either alone or in combination, fail to meet or medically equal the criteria of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1. (R. 27, 30). According to the ALJ, Plaintiff's subjective complaints concerning his impairments and their impact on his ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record and Plaintiff's own statements. (R. 25, 28, 31).

Although the ALJ noted that Plaintiff has worked since his alleged onset, he found that none of those jobs constituted substantial gainful activity. (R. 20, 30). He also found that Plaintiff is unable to perform any of his past relevant work. (R. 31). However, based upon the VE recommendations outlined in his post-hearing March 25, 2004 report, the ALJ concluded that Plaintiff "can be expected to perform light unskilled jobs such as inspector-packer . . . assembler of small products . . . assembler of electrical accessories. . . and sub-assembler" which exist in significant numbers in the regional and national economies. (R. 30). Thus, the ALJ concluded that Plaintiff still retains the residual functional capacity to perform a significant range of work at the light exertional level, and he found that Plaintiff was not under a disability at any time through the date of the decision. (R. 31).

4

III.    **Plaintiff's Argument for Remand or Reversal**

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration.    Specifically, Plaintiff contends that: (1) the ALJ failed to proffer the VE's letter regarding the availability of specific jobs to Plaintiff prior to relying upon it in his decision; (2) the ALJ erred in relying on the VE opinion because it conflicts with the Dictionary of Occupational Titles; (3) the ALJ erred in failing to consider the effect of Plaintiff's limited reading and writing skills on his ability to perform work; and (4) the ALJ failed to articulate good cause for discrediting the treating opinion of Dr. Syed.  For the reasons set forth below, the ALJ's decision denying Plaintiff benefits is due to be reversed and remanded for further consideration in accordance with this opinion.

IV.    **Standard of Review**

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision,  *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence.  *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

5

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.   Discussion

Plaintiff's first argument - and the only contention the court need address because it is dispositive - is that his due process rights were violated when the ALJ failed to proffer the post-hearing VE letter to Plaintiff prior to issuing his adverse decision in this case. Because the court finds that the ALJ's decision is due to be reversed and remanded due to the failure to provide Plaintiff an opportunity to cross-examine the VE report and present rebuttal evidence, it need not reach the other arguments Plaintiff presents on appeal.[2]

The Eleventh Circuit has held "that it violates a claimant's right to procedural due process for the Secretary to deny a claimant Social Security benefits based upon post-hearing medical reports without giving the claimant an opportunity to subpoena and cross-examine the authors of such reports." *Demenech v. Secretary of the Dept. of Health and Human Services*, 913 F.2d 882, 885 (11th Cir. 1990)(citing *Hudson v. Heckler*, 755 F.2d 781, 784 (11th Cir.1985)). Indeed, "where the

---

[2] It is entirely possible that all of Plaintiff's other objections to the ALJ decision will be cured after reversal and remand.

ALJ substantially relies upon a post-hearing medical report that directly contradicts the medical evidence that supports the claimant's contentions, cross-examination is of extraordinary utility." *Demenech*, 913 F.2d at 885 (citing *Wallace v. Bowen*, 869 F.2d 187, 192 (3rd Cir.1989)).  Although the post-hearing report in question here is not a medical opinion, but the opinion of a vocational expert, other circuits have found that "[t]he use of an adverse post-hearing *vocational report* without an opportunity to cross-examine its author and to present rebuttal evidence . . . violate[s] a claimant's right to due process of law." *Tom v. Heckler*, 779 F.2d 1250, 1252 n.2 (7th Cir. 1985) (citing *Townley v. Heckler*, 748 F.2d 109, 114 (2d Cir.1984)) (emphasis added).  Moreover, the Hearings, Appeals and Litigation Law Manual ("HALLEX") indicates that a proffer of any post-hearing evidence is required unless the claimant has knowingly waived his right to examine the evidence or the ALJ proposes to issue a fully favorable decision.   *See* HALLEX 1-2-7-30.  The proffer letter must give the claimant a deadline to respond to the evidence and to request a supplemental hearing and the opportunity to cross-examine the author of the evidence.  *See* HALLEX 1-2-7-30.

In this case, there is no doubt that the VE report was issued post-hearing and was adverse to Plaintiff -- the ALJ relied on it heavily when he found that Plaintiff is not disabled and has retained the ability to perform jobs in the light exertional range.  Although VE Thomas Elliott began his opinion of Plaintiff's ability to work at the December 31, 2004 hearing when Plaintiff was present, his testimony was very brief and abruptly ended by the ALJ who stated he wanted to review additional medical records "before I go any further with [the VE]." (R. 300-01).  Therefore, the bulk of the VE's opinion - including the most influential portion regarding Plaintiff's ability to perform work given his limitations - is contained in his March 25, 2005 post-hearing report.  (R. 135-36).  There can be no doubt that the ALJ relied heavily on the VE's post-hearing opinion -- in fact, it

7

appears that the ALJ's RFC finding and resulting conclusion that Plaintiff can perform certain available jobs was taken entirely from the VE report. (*Compare* R. 30-31 with R. 135-36). Plaintiff's argument on appeal to this court that the ALJ erroneously relied on the VE opinion because it conflicts with the Dictionary of Occupational Titles illustrates the very purpose of the proffer procedure -- arguments rebutting post-hearing reports should be presented to the ALJ *first* so that he can consider whether they impact his reliance on the report.

Thus, the only relevant question left to resolve regarding Plaintiff's due process allegation is whether or not Plaintiff *actually* was denied the opportunity to cross-examine the vocational expert and to present rebuttal evidence. HALLEX provides that in a situation like this case, the ALJ must proffer post-hearing evidence to the claimant by letter setting a deadline by which he much respond to the evidence and/or request a supplemental hearing. *See* HALLEX 1-2-7-30.[3] The Commissioner maintains that the ALJ complied with HALLEX and avers that the VE report was proffered to Plaintiff prior to the rendering of the ALJ decision. (Doc. # 9). Plaintiff vehemently denies such a proffer letter was ever sent to or received by his attorney. (Docs. # 8, 10).

The evidence of record regarding whether the proffer was made is sketchy, at best. The original appeal record filed with this court included *no* proffer letter regarding the post-hearing VE report, although the VE report itself was included. (R. 135-36). The absence of a letter proffering the VE report is especially curious given that record *does include* the post-hearing proffer letter regarding Dr. Sparks' assessment (which the parties agree was sent to and received by Plaintiff's

---

[3] Although such a proffer letter need not issue if the claimant has knowingly waived his right to examine the evidence or if the ALJ proposes to issue a fully favorable decision, neither of those contingencies exist here.

attorney).  (R. 133-35).  Moreover, the ALJ decision fails to mention or include as an exhibit any such proffer letter regarding the VE report.  (R. 16-32).

After Plaintiff filed his appeal in this court and pointed out in his brief the absence of such a proffer, the Commissioner conducted a "System query"  that uncovered - for the first time - an unsigned letter dated March 31, 2005 from the ALJ "to Patricia Miles, Attorney at Law, who represented Plaintiff before the Commissioner . . . . [regarding] additional evidence which the ALJ proposed to enter into the record as Exhibit 11 E, the VE's February 18, 2005 [sic], opinion in question." (Doc. # 9, at 5, Ex. 1).  The Commissioner admits that "it appears, unfortunately, due to a clerical error, the letter was not made into an Exhibit."  (Doc. # 9, at 5).  Although the Commissioner states that he "regrets the mistake, [he] submits that it should not be a basis for remand" because "a remand on this basis would be a waste of already strained administrative and judicial resources."  (Doc. # 9, at 6).

The court disagrees and cannot overlook a potential due process violation simply because it would "strain resources" to remedy it.  The Commissioner's eleventh hour discovery, via a "System query,"of an unsigned letter that Plaintiff claims was never received by his attorney and that was never included as an exhibit to any court record[4] is not evidence that an appropriate proffer was made.  (Doc. # 9, at Ex. 1).  Given these circumstances, the court can only conclude that Plaintiff was denied the right to cross-examine and present rebuttal evidence as to the post-hearing VE report which proved very instrumental in the ALJ's decision to deny him benefits.  Accordingly, the

---

[4] Plaintiff argues that it is suspect that "not one, but two, different individuals committed the very same error in excluding this one letter from both the exhibit list and then again when creating the record for submission to the federal court in connection with this appeal. . . .  The likelihood of two independent persons in completely different offices making the very same mistake is hard to believe."  (Doc. # 10, at 1).

appropriate and prudent course of action is to reverse and remand this case for additional proceedings, including the opportunity to cross-examine the VE and to present rebuttal evidence as to his post-hearing report.

## VI.    Conclusion

For the reasons outlined above, the court concludes that the ALJ's determination that Plaintiff is not disabled is due to be reversed and remanded for further proceedings consistent with this memorandum opinion.  A separate order will be entered.

**DONE** and **ORDERED** this ___11th___ day of March, 2008.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

10